*1187 OPINION.
Love :
The issue in this appeal comes squarely within the principle laid down in the Appeal of Russell Milling Co., 1 B. T. A. 194, Appeal of Cleveland Home Brewing Co., 1 B. T. A. 87, and Appeal of Rub-No-More Co., 1 B. T. A. 228. We are not disposed to disturb the amount of depreciation shown on the books of the petitioner in the absence of evidence that the depreciation written off was not actually sustained. The evidence ■ is clear that the petitioner was conservatively and successfully managed; that since the year 1909 it kept complete book accounts; that said depreciation was in fact charged off its books on a uniform basis determined by its board of directors each year. While it is true the petitioner, prior to 1917, used a diminishing value method of depreciation, not now in good repute in income-tax accounting, that method, nevertheless, in this case did in fact more nearly reflect the true condition than the method used by the Commissioner. According to the Commissioner’s method a substantial portion of the machinery still in daily use has been fully depreciated.
The petitioner did not take depreciation in a haphazard manner or as an afterthought. On the contrary, the evidence discloses that not only was the depreciation taken on a systematic basis but that each year the board of directors of the petitioner deliberated and then fixed the rate to conform to their best judgment of the actual depreciation sustained, and their action was recorded on the minutes of the meetings. In our opinion, not only has the Commissioner failed to present any evidence to disturb the amount of depreciation set up on the books of the petitioner, but there has been sufficient affirmative proof to establish the fact that the amount of depreciation taken more truly reflected the actual condition than the amount of depreciation obtained by the rates sought to be imposed by the Commissioner.
The above reasoning also applies to the buildings upon which the petitioner did not commence to depreciate until 1915, and then took a rate of approximately 5 per cent. The Commissioner depreciated the buildings from 1900 at 8 per cent. Even though the counsel for the petitioner finds no fault with a rate of 3 per cent from 1909, we are of the opinion that the amount of depreciation should be as shown upon the books. The evidence discloses that during the period 1900 to 1915, the petitioner had gradually remodeled and renovated an old abandoned woolen mill building used as a warehouse to such an extent that it became suitable for a modern box board and paper box factory. The labor for conditioning the building was not capitalized but carried as an expense. In the judgment of the directors, instead of deteriorating, the building was *1188 being made stronger and more durable until 1915. The directors were in a position to know the actual conditions and we believe from the evidence that their judgment in respect to the building was sound and in keeping with their good judgment in respect to all the business affairs of the petitioner.
To the extent that the amount of depreciation affects invested capital. we are of the opinion that such amounts as appear on the books of the petitioner should not be disturbed.

Order of redetermination will he entered on 15 days’ notice, under Rule 50.